```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
```

REGINALD MCWILLIAMS,

    Petitioner,

vs.                                          No. 09-2417-STA/dkv

UNITED STATES,

    Respondent.

---

ORDER REAFFIRMING CERTIFICATION APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER ASSESSING APPELLATE FILING FEE

---

On September 4, 2009, Petitioner Reginald McWilliams, Bureau of Prisons inmate registration number 13148-045, formerly confined as an inmate at the Federal Correctional Institution in Memphis ("FCI-Memphis"), but now serving his term of supervised release in Memphis, Tennessee, filed a notice of appeal from the Court's order denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. That order certified pursuant to Rule 24 of the Federal Rules of Appellate Procedure that any appeal would not be taken in good faith and that Thomas may not appeal <u>in forma pauperis</u>.

The Court reaffirms, for the reasons expressed in the order denying the original petition, that the appeal in this matter by Petitioner is not taken in good faith and that McWilliams may not

appeal in forma pauperis. McWilliams is now obligated to pay the $455 filing fee required by 28 U.S.C. §§ 1913 and 1917 within thirty days of the entry of this order.[1] Pursuant to Fed. R. App. P. 24(5), McWilliams must make any request to proceed on appeal in forma pauperis to the Sixth Circuit Court of Appeals.[2]

IT IS SO ORDERED this 1st day of December, 2009.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

---

[1] The fee for docketing an appeal is $450. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

[2] Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the petitioner must file his motion to proceed in forma pauperis in the appellate court. See Fed. R. App. P. 24(a)(4)-(5).